**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HARLEN J. C. COOPER,
Plaintiff-Appellant,

v.                                                                No. 98-1275

A. T. WILLIAMS OIL COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Norman K. Moon, District Judge.
(CA-95-31-L)

Submitted: December 29, 1998

Decided: January 20, 1999

Before ERVIN and WILKINS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Monica Leigh Taylor, GENTRY, LOCKE, RAKES & MOORE, Roa-
noke, Virginia; Steven Michael Blatt, JULIAS, BLATT & BLATT,
P.C., Harrisonburg, Virginia, for Appellant. E. Wayne Powell, POW-
ELL & ARRIGHI, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Harlen J.C. Cooper appeals from the district court's order denying his motion for new trial. Cooper claims that he was unfairly prejudiced by the jury's inadvertent exposure to inadmissible evidence during its deliberations. For the reasons that follow, we affirm.

Cooper filed this action against A.T. Williams Oil Company seeking damages for injuries he sustained when he slipped and fell on ice at a truck stop owned by A.T. Williams. Cooper claimed that A.T. Williams was negligent in failing to keep its premises in a reasonably safe condition by allowing water to leak from a nearby faucet in freezing temperatures. Winer Industries, Inc. (Cooper's employer), and Travelers Insurance Company (Winer's workers' compensation insurer) intervened pursuant to Fed. R. Civ. P. 24(a).

On the first day of trial, Cooper filed a motion in limine to exclude a Tennessee Employer's First Report of Work Injury (the "Report") on the grounds that it contained purported hearsay statements from Cooper about the cause of the accident. The Report contained a section which asked: "What was the employee doing when injured?" The typed response read: "I/E HAD STOPPED TO REFUEL/STEPPED ON SIDEBOARD/SLIPPED ON ICE ON SIDEBOARD." Cooper argued that the document may have been typed by a Travelers' employee on third-hand hearsay and that admission of the Report was unfairly prejudicial. The district court agreed, in part, and ruled that the document was admissible as against Winer and Travelers only, but that Cooper could be asked if he ever made such a statement. Winer and Travelers then withdrew as parties in the case.

The district court ruled that, without Winer and Travelers, Cooper could be asked whether he ever reported the accident in the manner as stated in the Report but that, if he denied making such a statement,

2

"that's the end of it unless you have some other evidence." The Report was never introduced into evidence. However, because it was never removed from the Exhibit List, the Report was inadvertently included with the trial exhibits given to the jury as it began its deliberations.

A few minutes after the jury retired, the following exchange occurred between the jury and the district court:

> Foreman: Part of the evidence that was given to us was a Tennessee Employer's First Report of Work Injury, and on here it states: What was the employees doing when injured? It says: He stopped to refuel, stepped on sideboard and slipped on ice on sideboard. Does this piece of evidence indicate that the ice was on the sideboard of the truck?

> The Court: Let me see that Exhibit? . . . . Members of the jury, this is an Exhibit that actually at one time was in the case, but before you were shown the Exhibit, it should have been removed from the package of material. And so what I'm going to ask you to do is, I'm going to keep this and tell you to disregard it. This was not evidence. That was never actually entered into the case, and you may not consider this as evidence in the case. Sorry.

The jury deliberated approximately thirty minutes and returned a verdict in favor of A.T. Williams. Cooper filed a motion for a new trial, claiming that the jury's exposure to the Report deprived him of a fair trial. The district court denied the motion, and this appeal followed.

This court reviews a denial of a Fed. R. Civ. P. 59 motion for a new trial for an abuse of discretion. See Browning-Ferris Indus. v. Kelco Disposal, Inc., 492 U.S. 257, 279 (1989). The district court's decision "is not reviewable upon appeal, save in the most exceptional circumstances." Aetna Cas. & Sur. Co. v. Yeatts, 122 F.2d 350, 354 (4th Cir. 1941). A new trial must be granted where the verdict is against the clear weight of the evidence, is based upon evidence which is false, or will result in a miscarriage of justice. See id.

3

We find, based on our review of the briefs and the joint appendix, that Cooper has failed to show that the district court abused its discretion and, therefore, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED